IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 119-125 |
| | ) | |
| MICHAEL VENETEZ MCRAE | ) | |

## ORDER

After a careful, *de novo* review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. no. 40.) Although nothing in the objections undermines the recommendation, familiarity with which is presumed, the Court will briefly address one argument.

Defendant argues the Magistrate Judge erred by not recommending suppression of Defendant's admission "I use cocaine, I do have cocaine, and I have multiple cocaine charges." (Durand Body Camera, doc. no. 25-1, disc 3, 02:05-05:00.) The Magistrate Judge found Defendant made this admission "unexpectedly, voluntarily, and without the deputies asking any questions they should have known would elicit an incriminating response." (Doc. no. 38, p. 9.) Defendant argues he made these statements in response to two questions posed by the deputies in the conversation preceding his admission.

The first is Richmond County Sheriff Deputy Ty Dailey's query "If you didn't do anything why are you doing this?" (Durand Body Camera, 02:55-03:15.) Deputy Dailey asked this question one minute and fifty-five seconds before Defendant's admission, while Defendant was rolling around on the ground and crying while telling his brother, who was on

the phone, he did nothing wrong and yet Ms. Labrisha Keller had called the police. (Id. at 02:40-02:55.) Defendant responded to Deputy Dailey "This [] hurts man, you just don't know." (Id. at 02:55-03:05.) Deputy Dailey replied, "What hurts?" and Deputy Charles Durand, not Defendant, answered "Going to jail," and Defendant resumed the conversation with his brother. (Id. at 03:00-03:45.) The "going to jail" reference concerns Defendant's previously stated belief he was going to jail because of outstanding probation violation warrants. (Id. at 01:00-01:10.)

This first question does not warrant suppression of the cocaine admission for two reasons. First, the question did not elicit the cocaine admission. Instead, Defendant responded he was upset because "it hurts." Nearly two minutes of conversation elapsed between this question and the cocaine admission. Second, even if Defendant made the cocaine admission in direct response to this first question, which he did not, the admission was unrelated, unexpected, and not reasonably foreseeable. Deputy Dailey broadly asked why Defendant was throwing a tantrum if he had done nothing wrong. At the time of this question, Deputy Dailey knew only that Ms. Keller had requested police assistance for a domestic disturbance and Defendant believed he had outstanding warrants for unspecified probation violations. There had been no mention by anyone of cocaine or other drug usage, possession, or prior convictions. Because Defendant's cocaine admission was voluntary, unrelated, unexpected, and not reasonably foreseeable, there is no basis for suppression.[1]

---

[1] See, e.g., United States v. Smalls, 342 F. App'x 505, 509 (11th Cir. 2009) (rejecting suppression of incriminating statement concerning gun ownership as voluntary and unexpected response to official's accusation of defendant lying, in context of defendant's earlier denial of there being any guns in apartment); United States v. Castro, 723 F.2d 1527, 1530-32 (11th Cir. 1984) (rejecting suppression of incriminating bribery statement made in response to question "What is going on here?" because question related to apparent drug activity and not bribery), *abrogated on other grounds by* United States v. Phillips, 812 F.3d 1355, 1359 (11th Cir. 1987);

Deputy Dailey posed the second question ten seconds before Defendant's cocaine admission, when Defendant had just completed the phone conversation with his brother and was speaking with Deputy Durand about his brother's impending arrival to pick up Defendant's belongings. Deputy Dailey asked, "What are your warrants for?" (Id., 03:15-04:45.) Deputy Durand and Defendant answered simultaneously the arrest warrants concerned probation violations, consistent with Defendant's earlier statement to Deputy Durand of there being several such warrants. (Id. at 01:00-01:10, 04:40-04:45.) Defendant elaborated he might have additional warrants based on prior accusations made by Ms. Keller. (Id. at 04:40-04:52.) Deputy Dailey replied "Well, pick up your phone and let's go down there so we can figure out what it's all about," thereby referencing the need to determine whether Defendant had outstanding arrest warrants. (Id.) Only after this statement by Deputy Dailey did Defendant blurt out "I use cocaine, I do have cocaine, and I have multiple cocaine charges." (Id. at 02:05-05:00.) Defendant made this admission unexpectedly and voluntarily, and not in response to Deputy Dailey inquiring about the nature of Defendant's warrants. Deputy Dailey could not have known such an innocuous question would elicit an incriminating response.

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **OVERRULES** Defendant's objections, **DENIES AS MOOT** Defendant's original motion to suppress, (doc. no. 20), and **GRANTS IN PART** and **DENIES IN PART** Defendant's supplemental motion to suppress, (doc. no. 29). The Court does not suppress (1) the cocaine, magazine, and guns; (2) Defendant's admission of cocaine

---

United States v. McDaniel, 463 F.2d 129, 136 (rejecting suppression of admission concerning marijuana trafficking as voluntary, unexpected answer to question whether defendant submitted burlap sacks to U.S. Customs for inspection at border).

3

use and possession; and (3) the questions and answers concerning type, description, and location of the missing gun. The Court suppresses all other statements, whether inculpatory or exculpatory, the prosecution may seek to introduce at trial.

SO ORDERED this 14th day of February, 2020, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA