IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| MICHAEL VENETEZ MCRAE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CR 119-125 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 199), Petitioner's § 2255 motion be **DISMISSED**, this case be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

I.   BACKGROUND

   A.   **Indictment and Jury Trial**

On September 12, 2019, a grand jury in the Southern District of Georgia indicted Petitioner for one count of Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. § 922(g)(1) and one count of Possession of a Controlled Substance (Cocaine) in violation of 21 U.S.C. § 844(a). (Doc. nos. 1, 30.) Count One carried a maximum of ten years imprisonment, a maximum fine of $250,000, not more than three years of supervised release, and a special assessment of $100. (Doc. no. 30.) However, with three prior qualifying

convictions, the penalties would be increased to a minimum of fifteen years imprisonment and maximum of lifetime imprisonment, a maximum fine of $250,000, not more than five years of supervised release, and a special assessment of $100. (Id.)

Count Two carried a maximum term of one year imprisonment, a minimum fine of $1,000, not more than one year of supervised release, and a special assessment of $100. (Id.) If Defendant committed Count Two after a single prior drug conviction, the penalty increased to a minimum of fifteen days imprisonment or a maximum of two years imprisonment, a minimum fine of $2,500, not more than one year of supervised release, and a special assessment of $100. (Id.) Further, if Defendant committed Count Two after two or more prior drug convictions, the penalty amounted to a minimum prison sentence of ninety days or a maximum of three years, a minimum fine of $5,000, not more than one year of supervised release, and a special assessment of $100. (Id.)

The Court appointed Attorney Richard H. Goolsby to represent Petitioner. (Doc. no. 6.) On September 24, 2019, Petitioner entered a plea of not guilty on both counts. (Doc. no. 10.) On April 29, and September 18, 2020, the Court held *ex parte* hearings with Petitioner and Mr. Goolsby, where Petitioner requested the Court appoint new counsel. (Doc. nos. 51, 58.) The Court found no extraordinary circumstances warranted new counsel and explained Petitioner may proceed with Mr. Goolsby, hire his own attorney, or represent himself—with the Court strongly advising against Petitioner representing himself. (Doc. nos. 52, 59.) On October 6, 2020, and January 4, 2021, the Court received Petitioner's letters which stated he wished to proceed in representing himself. (Doc. nos. 61, 69.) On February 16, 2021, the Court accepted Petitioner's informed and voluntary waiver of the right to counsel and reassigned Mr. Goolsby to the limited role of standby counsel. (Doc. no. 79.)

Petitioner's jury trial began May 17, 2021, (doc. nos. 72, 117), and Petitioner represented himself, with Mr. Goolsby as standby counsel, (doc. no. 158). At the end of a one-day trial that included five witnesses and twenty exhibits, (id. at 2; see also doc. nos. 121-22, 125), the jury deliberated for less than an hour before finding Petitioner guilty of both counts brought in the Indictment, (doc. no. 158, pp. 165-66; see also doc. no. 124).

**B.  Sentencing**

The United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at thirty-three, a criminal history category of VI, and a Guidelines imprisonment range of 235 to 293 months. PSI ¶¶ 32, 47, 75. Since Petitioner was deemed to have had at least three prior serious drug offense convictions, he qualified as an Armed Career Criminal ("ACC") and was subject to an enhanced sentence under 18 U.S.C. 924(e). PSI ¶ 30. Petitioner did not receive any reduction under USSG §3E1.1 because he did not clearly demonstrate acceptance of responsibility. PSI ¶ 31. Thus, based upon the penalty certification and ACC enhancement, the statutory minimum term of imprisonment for Count One was fifteen years and the maximum was life. (Doc. no. 30, pp. 1-2; PSI ¶ 74.) The statutory minimum term of imprisonment for Count Two was ninety days and the maximum was three years. (See id.)

Sentencing occurred on October 25, 2021, with Respondent again representing himself, and Mr. Goolsby as standby counsel. (Doc. no. 159.) Judge Hall granted Petitioner approximately four hours to review the PSI after Petitioner did not review the report prior to sentencing. (Id. at 14.) While Petitioner did not review the report, he did file objections to the PSI in July 2021, (id.), and Judge Hall ruled they were timely, (id. at 25, 31). Petitioner objected to the calculated offense level, contending the ACCA did not apply. (Id. at 25-29;

3

see also doc. no. 139.) Petitioner attempted to file additional objections in September 2021, (doc. no. 145), and on the record during sentencing, but Judge Hall ruled they were untimely, (doc. no. 159, pp. 22-23).

In rejecting Petitioner's objections, Judge Hall ruled:  (1) twenty-four was the correct base offense level for Count One because of three prior convictions that triggered the ACCA enhancement; and (2) thirty-three was the appropriate total offense level based on the same three prior convictions for possession with intent to distribute cocaine. (Id. at 28-31.) Judge Hall then adopted the factual statements in the PSI, as well as the conclusions contained therein, and determined the advisory Guidelines range was 235 to 293 months of imprisonment, two to five years of supervised release for Count One, a maximum of one year of supervised release for Count Two, a $35,000 to $250,000 fine, and a $200 special assessment fee. (Id. at 31.)

After hearing remarks from all interested parties, including Petitioner and his family, Judge Hall sentenced Petitioner to 235 months of imprisonment, five years of supervised release, a $1,500 fine in compliance with the guideline 5E1.2(d) factors, and a $200 special assessment fee. (Id. at 31-49.)

C. **Direct Appeal**

On November 4, 2021, Petitioner filed notice of his direct appeal to the Eleventh Circuit Court of Appeals. (Doc. no. 153.) Attorney David M. Stewart was appointed to represent Petitioner on appeal and filed supplemental briefing. (Doc. no. 165; doc. no. 199-1.) Petitioner argued the district court:  (1) incorrectly denied his motion to suppress because the public safety exception, inevitable discovery doctrine, and implied consent from the homeowner were not applicable; (2) incorrectly ruled that he knowingly and voluntarily waived his right to

4

counsel; (3) lacked subject matter jurisdiction and violated his speedy trial rights; and (4) erroneously sentenced him with the Armed Career Criminal Act ("ACCA") enhancements and made the determination that his 2017 drug offenses occurred at different occasions.  (Doc. no. 187, p. 2; see also doc. no. 199-1, pp. 6-29.)  On August 8, 2023, the Eleventh Circuit rejected all arguments and affirmed Petitioner's convictions and sentence.  (Doc. nos. 187, 196.)

In specifically reviewing Petitioner's fourth ground concerning the ACCA enhancement, the same argument at issue in Petitioner's instant § 2255 petition, the Eleventh Circuit reviewed the district court's decision for plain error.  (Doc. no. 187, p. 11.)  Despite finding Petitioner's two 2017 state cocaine distribution offenses involving ioflupane did not qualify under the ACCA, the Eleventh Circuit upheld the district court's enhanced sentence. because Petitioner did not "cite any precedent directly holding that in 2017, Georgia law included ioflupane as a controlled substance." (Id. at 14.)

Petitioner also challenged the district court's ruling that the 2017 offenses occurred on different occasions.  (Id.)  In applying the factors laid out by the Supreme Court in Wooden v. United States, 595 U.S. 360 (2022), to determine if offenses occurred at different times, the Eleventh Circuit upheld the district court's determination that the offenses were separate as "[Petitioner's] convictions occurred on two separate occasions and the state charged him with two different indictments." (Id. at 15-16.)  Moreover, the Eleventh Circuit noted no precedent prevents a sentencing court from performing the "different occasions analysis."  (Id. at 16.)  On February 20, 2024, the Supreme Court rejected Petitioner's petition for a writ of certiorari.  (Doc. no. 191.)

       D.      § 2255 Proceedings

Petitioner timely filed the instant § 2255 motion to vacate, set aside, or correct his

5

sentence, asserting:

 (1) The Court incorrectly designated Petitioner as an Armed Career Criminal because his two 2017 state cocaine offenses did not qualify under the ACCA.

 (2) A jury is required to make the finding that the two 2017 state cocaine offenses occurred on separate occasions.[1]

(Doc. no. 192; see also doc. no. 199.) On June 4, 2024, Respondent filed a motion to dismiss, arguing both of Petitioner's grounds were already rejected by the Eleventh Circuit on direct appeal, and even if the arguments contained within the two grounds varied slightly, they are procedurally defaulted because Petitioner did not bring them on direct appeal. (See generally doc. no. 199.) On June 18, 2024, Petitioner filed a response in opposition to Respondent's motion, reiterating the same arguments as his original petition. (Doc. no. 201.)

## II. STANDARD

A prisoner may move under 28 U.S.C. § 2255 to vacate, set aside, or correct a federal sentence imposed in violation of the Constitution or laws of the United States, imposed by a court lacking jurisdiction, exceeding the maximum authorized by law, or otherwise subject to collateral attack. However, the collateral relief available under § 2255 is limited, as the statute "does not provide a remedy for every alleged error in conviction and sentencing." Spencer v. United States, 773 F.3d 1132, 1138 (11th Cir. 2014). That is, Petitioner may not use this collateral attack as "a surrogate for a direct appeal." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citation omitted). "Generally speaking, an available challenge to a

---

[1] Page six of Petitioner's § 2255 petition, which the Court discerns would have contained this ground, was omitted from his filings, (see doc. no. 192, pp. 4-5). While ground two was addressed by Respondent in its motion to dismiss, (doc. no. 199), it was not addressed by Petitioner in his response in opposition to the motion, (doc. no. 201). Nevertheless, out of an abundance of caution and because this ground was incorporated under Petitioner's ACCA claim brought on direct appeal, the Court rules on it herein.

6

criminal conviction or sentence must be advanced on direct appeal or else it will be considered procedurally barred in a § 2255 proceeding." Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994). "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." Id.

"Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" Lynn, 365 F.3d at 1232. The procedural bar to claims which could have been raised on direct appeal, but were not, may be avoided if the petitioner establishes one of two exceptions: (1) cause for the default and actual prejudice from the alleged error, or (2) "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Mills, 36 F.3d at 1055-56 (citing Murray v. Carrier, 477 U.S. 478, 496 (1986)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623-24 (1998) (citation omitted). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin v. Perkins, 569 U.S. 383, 394-95 (2013) (emphasis added).

"Once [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted, especially when . . . he already has had a fair opportunity to present his federal claims to a federal forum." United States v. Frady, 456 U.S. 152, 164 (1982). Consequently, "[o]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." Stoufflet v. United States, 757 F.3d 1236, 1239 (11th Cir. 2014) (citation omitted); see also

7

United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000) (same); White v. United States, 371 F.3d 900, 902 (7th Cir. 2004) ("[W]e do not see how a federal prisoner--who must file his motion for relief under 2255 in the very court that convicted him--can be allowed to do so if all he is doing is rehashing a claim that had been rejected on the direct appeal.").

Nor will the Court reconsider a previously raised claim where it is merely a re-characterization of an issue raised on direct appeal. Nyhuis, 211 F.3d at 1343. The Court can employ its discretion in deciding whether a claim has previously been raised. Sanders v. United States, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . [or] be supported by different legal arguments . . . or be couched in different language . . . or vary in immaterial respects" (internal citations omitted)), *superseded by statute on other grounds*, 28 U.S.C. §§ 2244(b), 2255(h). In sum, to obtain review in this § 2255 proceeding of a previously raised claim, Petitioner must show an intervening change in law since his appeal was decided and that a "complete miscarriage of justice" would occur if the claim is not considered in these proceedings. Davis v. United States, 417 U.S. 333, 346-47 (1974).

### III. DISCUSSION

Respondent's motion to dismiss must be granted because the claims raised by Petitioner in his § 2255 motion have already been analyzed and rejected by the Eleventh Circuit. Indeed, Petitioner admits that he previously raised ground one on direct appeal. (See doc. no. 192, p. 4). Moreover, it is clear from Petitioner's direct appeal and the Eleventh Circuit's decision that ground two was also raised. (See doc. 199-1, p. 27; doc. no. 187, p. 15.) A claim that was previously rejected on direct appeal cannot be raised again in a § 2255 motion. See Nyhuis, 211 F.3d at 1343; see also United States v. Rowan, 663 F.2d 1034 (11th Cir. 1981)

(establishing that the Eleventh Circuit does not need to consider § 2255 motions that contain claims already addressed on direct appeal).

Here, Petitioner's § 2255 petition mirrors the claims previously brought before the Eleventh Circuit. Furthermore, and as discussed above, the Eleventh Circuit thoroughly reviewed Petitioner's challenges to the ACCA enhancement for plain error and upheld his convictions and sentence. Petitioner does not argue any intervening change in the law, let alone a retroactive change in the law that would render appellate consideration of Petitioner's claims incorrect as a matter of constitutional law or a complete miscarriage of justice. See Stoufflet, 757 F.3d at 1242. He simply rehashes the arguments already rejected on direct appeal, an approach which does not entitle Petitioner to relief. See Nyhuis, 211 F.3d at 1343. There can be no doubt Petitioner's grounds have been raised and rejected. "Presented is presented." Stoufflet, 757 F.3d at 1242 (citation omitted). Although Petitioner may disagree with the results of his direct appeal, "he already has had a fair opportunity to present his federal claims to a federal forum." Frady, 456 U.S. at 164.

For the sake of completeness, the Court also notes to the extent Petitioner attempts to amplify or tweak his appellate arguments in these proceedings, such claims are barred because mere re-characterization of a previously presented claim does not suffice. Nyhuis, 211 F.3d at 1343 ("A rejected claim does not merit rehearing on a different, but previously available, legal theory.") While Petitioner admits he brought ground one at least in part on direct appeal, he claims he could not fully raise the issue because he was awaiting clarification from the Eleventh Circuit concerning whether his prior offenses qualified under the ACCA. (Doc. no. 192, p. 4.) However, "[i]n procedural default cases, the question is not whether legal developments or new evidence has made a claim easier or better, but whether at the time of

9

the direct appeal the claim was available at all." Lynn, 365 F.3d at 1235. The only change since Petitioner's original challenge was the Eleventh Circuit's decision in his own case that his 2017 state offenses did not qualify under the ACCA. (Id.; see also doc. no. 187.) Similarly, Petitioner's claim that a jury must decide whether the offenses occurred on different occasions has not changed. (See id.; see also doc. no. 192.) Petitioner has failed to show any cause prevented him from fully bringing either of his claims on direct appeal.

Petitioner also attempts to characterize his sentencing under the ACCA as a blanket assertion of a miscarriage of justice, which focuses on the disparity in sentencing between him and a similarly situated individual not sentenced with an ACCA enhancement. (See generally doc. nos. 192, 201.) However, a fundamental miscarriage of justice occurs only when "a constitutional violation has probably resulted in the conviction of someone who is actually innocent[.]" United States v. Montano, 398 F.3d 1276, 1279 (11th Cir. 2005). Petitioner has not presented any evidence to assert innocence or show it is "more likely than not that no reasonable juror would have convicted [the petitioner]." McQuiggin, 569 U.S. at 394-95.

Lastly, to whatever extent the grounds in Petitioner's motion may be significantly different from the arguments raised on direct appeal, his claims are procedurally defaulted. Montano, 398 F.3d at 1279-80. Both grounds were available on direct appeal, neither required further factual development, and by failing to raise them, the grounds are defaulted. Mills, 36 F.3d at 1055.

In sum, Petitioner's claims in his § 2255 motion cannot be reviewed in these proceedings. Based on a fully developed record, the Eleventh Circuit decided Petitioner's claims against him on direct appeal. The Court's review of the record does not reveal a valid exception to

allow this Court to revisit his rejected claims or otherwise construe and consider a new claim that was not presented, but could have been, on direct appeal.

## IV.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 199), Petitioner's § 2255 motion be **DISMISSED**, this case be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 5th day of August, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA